IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Norfolk Southern Railway Company, | Case No.: _____ |
| Plaintiff, | (Hon. _____) |
| v. | **VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF WITH JURY DEMAND ENDORSED HEREON** |
| City of Aurora, | |
| Defendant. | |

1. Plaintiff Norfolk Southern Railway Company ("NSR") is a Virginia corporation which conducts railroad operations throughout the State of Ohio and the eastern United States.

2. Defendant City of Aurora (the "City") is a municipal corporation located within the state of Ohio and the Northern District of Ohio.

3. Ann Womer Benjamin is the Mayor of the City and its chief executive officer.

4510208 .1

4. This Court has jurisdiction over the federal law claims pled herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201 and 2202.

5. This Court has supplemental jurisdiction over the state law claims pled herein pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the City is a municipal corporation located within this district.

7. NSR is the owner of property and/or rights-of-way comprised of approximately sixty to seventy-five (60–75) acres, more or less, of land (the "Rail Line") which runs for approximately 5.5 miles through the City.

8. NSR is currently party to a **Contract of Purchase and Sale** (the "Contract") with American Transmission Systems, Incorporated ("ATS") to sell the Rail Line to ATS. A true and accurate redacted copy of the Contract, removing confidential terms of the sale, is attached hereto as Exhibit A.

9. Based upon information and belief, ATS is a wholly-owned subsidiary of FirstEnergy Transmission, LLC and, like the City and NSR, also possesses the power of eminent domain in the State of Ohio as a public utility under Ohio Revised Code Chapter 163.

10. Also based upon information and belief, ATS intends to build an electrical transmission line and system on the Rail Line property once acquired, servicing customers in the City's surrounding area.

11. As part of its obligations under the Contract, on or about November 13, 2017, NSR filed with the federal agency Surface Transportation Board (the "STB") its **Verified Notice of Exemption** ("Notice") to abandon rail service over the Rail Line. A true and accurate copy of that Notice is attached hereto as Exhibit B.  That matter was assigned STB Docket No. AB 290 394 X.

12. Pursuant to 49 U.S.C. § 10903(a)(1), NSR was required to file the Notice with the STB.

13. NSR's abandonment proceedings with the STB remain pending, as the STB has not yet authorized abandonment and NSR has not yet consummated any such abandonment.

14. Important to this matter, during the time NSR seeks to abandon the Rail Line, the STB's exclusive jurisdiction over the Rail Line remains until the STB authorizes the abandonment and NSR executes that authority by consummating the abandonment.

15. On or about May 30, 2018, Aurora adopted its **Resolution 2018-085**, a true and accurate copy of which is attached hereto as Exhibit C, which provides in relevant part that "[t]he City, pursuant to section 719.04 of the Ohio Revised Code, hereby deems it necessary to appropriate and declares its intent to appropriate the interests" of the Rail Line.

16. On May 31, 2018, Aurora requested NSR to have the City's representatives enter NSR's Rail Line for purposes of conducting a survey and an appraisal of the Rail Line property. A true and accurate copy of that request is attached hereto as Exhibit D.

17. On June 13, 2018, NSR responded to Aurora, declining the City's request. A true and accurate copy of NSR's declination is attached hereto as Exhibit E.

18. Specifically, NSR informed Aurora that "until such time as NS has fully consummated its abandonment of the NS Line, the NS Line proposed for abandonment remains a rail line subject to the exclusive jurisdiction of the [STB]…As a rail line subject to the exclusive jurisdiction of the STB, the City cannot take any actions to … condemn the [Rail Line]. … Until such time as the [STB] grants and NS consummates abandonment authority for the [Rail Line], any action by the City to commence appropriate/condemnation proceedings or to enter NS'] property without NS's consent is premature and preempted by 49 U.S.C.§ 10501(b)."

19. On July 17, 2018, the City regardless served upon NSR its **R.C. 163.04 Notice of Intent to Acquire Property and Good Faith Offer**, a true and accurate copy of which (less voluminous enclosures) is attached hereto as Exhibit F and which reads in relevant part, "If you reject the offer or we are unable to come to an agreement, we may have to exercise our eminent domain authority to appropriate your property, which requires a court procedure."

20. Per Ohio Revised Code § 163.04, the thirty (30) days which the City must wait before filing its condemnation action will expire on or about August 16, 2018.

21. Also per Ohio Revised Code §§ 163.01(D) and 163.05, the action for condemnation must be filed in the common pleas court (general or probate division) of Portage County, Ohio, the county in which the entirety of the Rail Line sought to be appropriated is located.

22. Pursuant to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), the condemnation action to be undertaken by the City is facially and *per se* specifically preempted by federal law and cannot be undertaken, as specified under 28 U.S.C. § 10501(b):

> <u>*The jurisdiction of the [STB]*</u> over—
>
> (1) transportation by rail carriers . . . and facilities of such carriers; and
>
> (2) <u>*the*</u> construction, acquisition, operation, <u>***abandonment, or discontinuance of***</u> spur, industrial, team, switching, or side <u>***tracks, or facilities***</u> . . .
>
> <u>*is exclusive*</u>. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.  (Emphasis added.)

**<u>COUNT ONE</u>**
**Declaratory Judgment (28 U.S.C. § 2201)**
**Federal Preemption under ICCTA**

23. NSR incorporates all prior paragraphs.

24. A justiciable controversy exists between NSR and the City regarding the STB's exclusive jurisdiction over rail lines for which abandonment authority has been requested but not yet authorized and consummated versus the City's planned initiation of condemnation proceedings against NSR and the Rail Line in Ohio's state courts during the pendency of the abandonment proceedings before the STB.

25. Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 provide this Court with the authority to declare the rights and other legal obligations of the parties with respect to this controversy.

26. The City is prohibited from initiating any condemnation proceedings in the state courts of Ohio due to federal preemption and the exclusive jurisdiction of the STB over pending abandonment of the Rail Line.

27. Because the condemnation action to be undertaken by the City is *per se* preempted by federal law, NSR has a strong likelihood of succeeding on the merits of its declaratory action.

28. If the City is not prohibited from initiating a condemnation action in Ohio's state courts against NSR and the Rail Line, NSR will suffer irreparable harm as a matter of law due to the imminent prospect of the City filing its suit in state court in violation of federal law.  Further, a successful condemnation action by the City would result in NSR being in violation of several provisions of federal law, a loss of it ownership / rights-of-way in the Rail Line forever, and subjects NSR to conflicting rulings in disparate courts and/or federal agencies.

29. Prohibiting the City from initiating an action for which no jurisdiction exists would not harm others.

30. The public interest is served by prohibiting the condemnation action to be undertaken by the City as it upholds long-established federal preemption law.

## COUNT TWO
### Tortious Interference with Contract

31. NSR incorporates all prior paragraphs.

32. NSR is currently party to the Contract with ATS to sell the Rail Line to ATS.

33. The City knows of the existence of the Contract and was so aware at all times relevant to this matter.

34. By seeking to initiate condemnation proceedings in the state courts of Ohio, the City is intentionally procuring breach of the Contract.

35. The City lacks justification for its actions.

36. NSR has suffered and will suffer damages as a result of the City's interference.

37. The City has undertaken its actions with malice and is therefore not entitled to the protections and immunities provided under Ohio law and R.C. Chapter 2744.

## COUNT THREE
### Prior Public Use Doctrine

38. NSR incorporates all prior paragraphs.

39. Under long-standing Ohio law, property already devoted to a public use cannot be taken for another public use which will materially impair or interfere with the former use, unless the intention of the Legislature that it should be so taken has been manifested in express terms or by necessary implication, mere general authority being in such case insufficient regardless of whether the property was acquired by condemnation or by purchase.

40. The operation of a railroad is a public use of land.

41. Efforts to condemn in violation of Ohio prior public use doctrine are subject to being enjoined.

4510208 .1

**WHEREFORE**, plaintiff Norfolk Southern Railway Company respectfully requests the following from this Court:

A. A declaration declaring that the City is prohibited from initiating any condemnation proceedings for the Rail Line in the state courts of Ohio due to federal preemption and the exclusive jurisdiction of the STB over pending abandonment of the Rail Line;

B. For a temporary restraining order, preliminary injunction, and permanent injunction enjoining the City temporarily, preliminarily, and permanently from initiating any condemnation proceedings in the state courts of Ohio due to federal preemption and the exclusive jurisdiction of the STB over pending abandonment of the Rail Line;

C. For monetary damages in an amount to be proven at trial and exceeding $75,000 directly and proximately resulting from the City's intentional interference with NSR's contract with ATS and seeking to violate Ohio's Prior Public Use Doctrine;

D. For an award of NSR's reasonable attorneys' fees, costs, and expenses incurred in bringing and maintaining this action; and

E. For any and all other relief deemed just and equitable by this Court under the circumstances.

EASTMAN & SMITH LTD.

 /s/ M. Charles Collins
M. Charles Collins (0065077)
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email: mccollins@eastmansmith.com

Attorneys for Plaintiff

4510208 .1

## VERIFICATION

STATE OF ___Ohio___ )
) SS:
COUNTY OF ___Franklin___ )

I, Mark Felicetti, Senior Real Estate Manager for Norfolk Southern Corporation, being of sound mind and lawful age, hereby depose and state that I have read the foregoing Verified Complaint, and that the factual averments set forth therein are true to the best of my knowledge and belief.

_____

Sworn to before me and subscribed in my presence this __13th__ day of __August__, 2018.



Glenda J. Harrison
Notary Public, State of Ohio
My Commission Expires 12-10-2019

_____
Notary Public
My commission expires __12-10-2019__

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

EASTMAN & SMITH LTD.

_____
M. Charles Collins (0065077)
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Fax: (419) 247-1777
Email: mccollins@eastmansmith.com

Attorneys for Plaintiff

9

4510208 .1